# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| RANDY O. HARPER, | * | |
| | * | No. 16-1215V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: November 2, 2018 |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' fees and costs |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Leah V. Durant</u>, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner;
<u>Darryl R. Wishard</u> United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Randy Harper prevailed in his claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded $71,888.87.

\* \* \*

On September 28, 2016, Mr. Harper filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 – 34, for injuries sustained from an influenza vaccination administered on October 16, 2014. The

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

parties submitted a joint stipulation that was incorporated by a decision awarding petitioner compensation in the amount of $1,313,885.49 and an amount sufficient to purchase an annuity contract described in the stipulation. Decision, 2017 WL 6629365 (Nov. 30, 2017).

On June 12, 2018, petitioner filed a motion for an award of attorneys' fees and costs. On the following day, petitioner filed a corrected motion, which will be the basis for this decision. Pet'r's Mot., filed June 13, 2018. The corrected motion seeks a total of $73,994.65, comprised of $56,775.20 in attorneys' fees and $17,219.45 in attorneys' costs. Id. at 1. In compliance with General Order No. 9, petitioner filed a signed statement indicating that he did not incur any costs personally. Id. at 3 (General Order #9 Statement).

On June 13, 2018, respondent filed a response to petitioner's motion. Resp't's Resp., filed June 13, 2018. Respondent stated that he is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Respondent did not submit any specific objections to the amounts requested by petitioner and "recommends that the Special Master exercise his discretion." Id at 3.

Petitioner did not file a reply to respondent's response. This matter is ready for adjudication.

\*   \*   \*

Because Mr. Harper received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e).

### I.   Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. Since, the bulk of work was done within the District of Columbia, the so-called Davis County does not apply here. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). The respondent did not object to any of the proposed hourly rates as unreasonable.

Petitioner requests compensation for attorney Leah Durant and law clerk Ashley Raina. For Ms. Durant, petitioner requests the rates of $350/hour in 2016, $365/hour in 2017, and $377/hour in 2018. For Ms. Raina, petitioner requests the rates of $140/hour in 2016, $145/hour in 2017, and $150/hour in 2018. As these rates are in accordance with those previously awarded to Ms. Durant and Ms. Raina[2], the undersigned finds them reasonable and awards them in full.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). Ms. Durant has provided sufficiently detailed invoices for her time entries and for her paralegal's entries. The undersigned finds the hours to be reasonable and awards them in full.

---

[2] Brown v. Sec'y of Health & Human Servs., No. 17-303V, 2018 WL 5629851, at *1 (Fed. Cl. Spec. Mstr. Oct. 3, 2018); Fugate v. Sec'y of Health & Human Servs., No. 15-703V, 2017 WL 1366090, at *1 (Fed. Cl. Spec. Mstr. Mar. 8, 2017).

## II. Costs

Petitioner requests a total of $17,219.45 in attorney's costs, consisting of costs expended for the filing fee, mailings, and expert witnesses. Pet'r's Mot., attachment #2, at pdf 2. The costs for routine items, such as the filing fee and postage, are adequately documented and are awarded in full.

The majority of the attorneys' costs are for petitioner's medical expert, Dr. Catherine Shaer, ($4,570.00) and her life care planner, Ms. Roberta Hurley ($11,917.77). Dr. Shaer's requested rate of $250/hour has been found reasonable previously.[3] However, Dr. Shaer's two invoices only summarize the time spent on broad activity categories, such as "Record Review: 6.67 hours" and "Report 6.5 hours." Pet'r's Mot., attachment #2, at pdf 5. This lack of individual date entries for specific tasks does not allow for an evaluation of the reasonableness of Dr. Shaer's billing. While her hourly rate is reasonable, Dr. Shaer's overall costs are reduced by 20 percent for vagueness, resulting in a decrease of $914.00.

Ms. Hurley is requesting a rate of $125/hr and the time entries on her invoice are even more precise than the standard 0.1 hour increments. However, Ms. Hurley's descriptions of her entries lack specificity, such as "Research" and "Needs Assessment." Pet'r's Mot., attachment #2, at pdf 23. Again, while her invoice at least contains individual date entries, Ms. Hurley's invoice entries lack enough specificity to evaluate reasonableness. Thus, Ms. Hurley's overall costs are reduced by 10 percent for vagueness, resulting in a decrease of $1,191.80.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The undersigned GRANTS the petitioner's motion and finds $71,888.87 ($56,775.20 in fees and $15,113.67 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. This shall be paid as follows:

---

[3] Glover v. Sec'y of Health & Human Servs., No. 16-891V, 2017 WL 5022673, at *2 (Fed. Cl. Spec. Mstr. Sept. 19, 2017); Howard v. Sec'y of Health & Human Servs., No. 16-894V, 2017 WL 4367159, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2017).

**A lump sum of $71,888.87 in the form of a check made payable to petitioner and petitioner's attorney, Leah V. Durant, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.